ORIGINAL

FILED

09/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0426

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0426

---

IN THE MATTER OF APPLICATION TO CHANGE WATER RIGHT NO. 41H 30018777 BY DAVID and CORA RALL

DAVID AND CORA RALL,

Petitioners, Appellees, and Cross-Appellants,

v.

CLARICE DREYER, STEVEN KELLY,

Respondents, Appellants, and Cross-Appellees,

and MONTANA DEPARTMENT OF NATURAL RESOURCES AND CONSERVATION,

Respondent, Appellee, and Cross-Appellant.

---

 FILED

SEP 06 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioners, Appellees, and Cross-Appellants David and Cora Rall (Ralls) have moved to dismiss this appeal as untimely pursuant to M. R. App. P. 4(5)(a)(i). Respondents, Appellants, and Cross-Appellees Clarice Dreyer and Steven Kelly (Dreyer and Kelly) have responded in opposition to Ralls' motion to dismiss. Respondent, Appellee, and Cross-Appellant Montana Department of Natural Resources and Conservation (DNRC) has also responded, asserting that the appeal should be dismissed without prejudice pursuant to M. R. App. P. 4(5)(a)(iii) on the grounds that it was prematurely filed because the District Court has not yet ruled upon a necessary determination of costs and attorney fees.

On March 25, 2022, the Eighteenth Judicial District Court, Gallatin County, entered its Order on Petition for Judicial Review Reversing DNRC Final Order and Granting Change Authorization (Order on Petition) in its Cause No. DV-08-704C. In the Order on

Petition, the court ordered DNRC to grant Ralls the authorization to change their existing water rights. It further stated, "The Court reserves ruling on the Ralls' request for attorney's fees at this time until after further hearing of the issue."

On April 8, 2022, Ralls served Notice of Entry of Judgment as the prevailing party, pursuant to M. R. Civ. P. 77(d) and a Motion for Award of Attorney's Fees pursuant to M. R. Civ. P. 54(d)(2).

On May 6, 2022, Dreyer and Kelly filed a Motion to Alter or Amend Judgment under M. R. Civ. P. 59(e).

The District Court did not rule on Ralls' April 8, 2022 Motion for Award of Attorney's Fees and it was deemed denied by operation of law on June 6, 2022, pursuant to M. R. Civ. P. 59(f).

The District Court also did not rule on Dreyer and Kelly's May 6, 2022 Motion to Alter or Amend Judgment and it was deemed denied by operation of law on July 5, 2022, pursuant to M. R. Civ. P. 59(f). In the present motion, Ralls argue that Dreyer and Kelly's Rule 59(e) motion was untimely; we need not resolve this question as we have determined that the timeliness of Dreyer and Kelly's Rule 59(e) motion does not affect the outcome of the motion to dismiss.

Dreyer and Kelly filed their Notice of Appeal in this Court on August 4, 2022. Ralls contend that this Notice was untimely because it was filed 118 days after the April 8, 2022 Notice of Entry of Judgment. They argue that neither their April 8, 2022 Motion for Award of Attorney's Fees nor Dreyer and Kelly's May 6, 2022 Motion to Alter or Amend Judgment tolled the 60-day time limit of M. R. App. P. 4(5)(a)(i). However, we need not consider these arguments: As DNRC explains in its response to Ralls' motion to dismiss, this appeal is premature under M. R. App. P. 4(5)(a)(iii) because the District Court specifically retained jurisdiction in its March 25, 2022 Order on Petition to rule on Ralls' claim for attorney fees.

In *Bitterroot River Protective Ass'n v. Bitterroot Conservation Dist.*, 2011 MT 51, 359 Mont. 393, 251 P.3d 131, the trial court entered judgment in favor of the appellee on

2

July 20, 2009, and within its order stated that it "reserves jurisdiction to determine whether Plaintiffs are entitled to costs and attorney's fees which shall be determined separately." The court ultimately issued those determinations several months later. *BRPA*, ¶ 7.

On appeal, the appellants argued that the trial court lost jurisdiction to rule on the attorney's fee issues after 60 days had passed without ruling by operation of Rule 59(g). *BRPA*, ¶ 15. We disagreed, concluding that the court's July 20, 2009 judgment was not a final order because, by reserving ruling on the attorney's fee issue, the court left matters undetermined and the judgment was therefore not a final determination of the rights of the parties to the action. *BRPA*, ¶ 16 (citations omitted). We held that the July 20, 2009 judgment thus did not trigger the Rule 59 time deadlines. *BRPA*, ¶ 17.

Similarly here, the District Court's March 25, 2022 Order on Petition is not a final order for purposes of appeal because the court left matters undetermined by reserving ruling on the attorney's fee issue.[1] Because the Order on Petition is not a final order, the time for filing notice of appeal has not yet commenced.

Under M. R. App. P. 4(5)(a)(iii), a notice of appeal filed prior to the district court's ruling on any necessary determination of the amount of costs and attorney fees awarded, or sanctions imposed, may be dismissed sua sponte and shall be dismissed upon the motion of any party. The district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal, in accordance with M. R. Civ. P. 58(e).

As Rule 4(5)(a)(iii) provides, an appeal filed in this Court prior to the district court's ruling on any necessary determination of costs and attorney fees shall be dismissed upon the motion of any party. We therefore find the motion to dismiss well-taken for the reasons set forth in DNRC's response.

---

[1] DNRC further points out in its brief that Ralls requested attorney fees in their Petition for Judicial Review and the issue was briefed, but not ruled upon, prior to the March 25, 2022 Order on Petition.

3

IT IS THEREFORE ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this _____ day of September, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

4